Mark E. Merin (State Bar No. 043849)
Joshua Kaizuka (State Bar No. 212195)
**LAW OFFICES OF MARK E. MERIN**
2001 P Street, Suite 100
Sacramento, California 95811
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD ROTH, on behalf of himself and all those similarly situated;

    Plaintiffs,

v.

COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF GREGORY J. AHERN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, ALAMEDA COUNTY SHERIFF'S DEPUTIES DOES 1 THROUGH 50, AND ROES 1 THROUGH 20, INCLUSIVE,

    Defendants.

Case No. CV 08 0236 BZ

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

PLAINTIFF ALLEGES:

## INTRODUCTION

This is an action for declaratory and injunctive relief, damages, and punitive damages against the COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF GREGORY J. AHERN, Individually and in His Official Capacity, ALAMEDA COUNTY SHERIFF'S DEPUTIES sued under their fictitious names as DOES 1 THROUGH 50, and ROES 1 THROUGH 20, for violations of plaintiff's constitutional rights resulting from application of ALAMEDA County's and the Sheriff's policies, practices, and customs concerning the use of strip searches and visual body cavity searches in ALAMEDA County Jails. Plaintiff seeks an order declaring illegal defendants' policy of subjecting detainees in their custody to strip and visual body cavity searches before they are arraigned and without having any reasonable suspicion that the searches will be productive of contraband. Plaintiff further seeks an order declaring illegal defendants' policy of conducting the complained of searches in areas which can be and are observed by persons not participating in the searches.

1

Defendants' strip search and visual body cavity search policies, practices, and customs violate those rights of plaintiff, and all those he represents, that are secured by the Fourth and Fourteenth Amendments to the United States Constitution and entitles plaintiff, and all those similarly situated, to recover damages under the Federal Civil Rights Act (42 U.S.C. § 1983).

Additionally, plaintiff includes, on behalf of himself and on behalf of all those he represents, supplemental claims under California state law against defendants: 1) for violation of California Penal Code § 4030 which prohibits pre-arraignment strip searches of most misdemeanants, requires such searches be conducted in an area of privacy, and be pre-approved in writing by a supervisors; and, 2) for violation of the Bane Civil Rights Act (California Civil Code § 52 and § 52.1(b)), which provides for civil penalties in cases were persons are coerced to give up their constitutional or statutory rights. California Penal Code § 4030 provides for minimum damages of $1,000 for each illegal search and the Bane Act entitles plaintiff, and each of those he represents, to receive statutory minimum damages of $4,000 per violation.

**JURISDICTION**

This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions. Under 28 USC § 1367(a) the Court has supplemental jurisdiction over the state claims alleged herein.

**PARTIES**

1.   Plaintiff RONALD ROTH, and all those similarly situated, are, and at all material times herein, were citizens of the United States and residents of the state of California who were arrested within the period beginning January 1, 2007, and continuing to this date, and who were subjected to strip and/or visual body cavity searches at an ALAMEDA County Jail (hereinafter referred to as the "ALAMEDA County Jail"), prior to being arraigned and/or without the defendants first having, and recording in writing, a reasonable suspicion that the searches would be productive of contraband or weapons.

2.   Defendant ALAMEDA COUNTY SHERIFF GREGORY J. AHERN is, and at all material times referred to herein, was the duly elected Sheriff of the ALAMEDA COUNTY, responsible for administering the Jail facilities and for making, overseeing, and implementing the policies, practices, and customs challenged herein relating to the operation of the ALAMEDA County

Jail. He is sued in his individual and official capacities.

3. Defendants ALAMEDA COUNTY SHERIFF DEPUTIES sued herein by their fictitious names (Does 1 through 50) are all deputies who, as part of their duties at the ALAMEDA County Jail, subjected plaintiff, and all those he represents, to pre-arraignment strip and/or visual body cavity searches without having, and/or recording in writing, a reasonable suspicion that the searches would be productive of contraband or weapons and/or conducted the complained of searches so that they could be observed by persons not participating in the searches.

4. At all material times mentioned herein, each of the defendants was acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the state of California, the ALAMEDA COUNTY and/or the Alameda County Sheriff's Department.

5. Defendants whose names are not now known and who are sued by the fictitious names of ROES 1 through 20, are all agents and/or employees of one or another of the other named defendants who ordered, condoned, authorized, covered up, or were otherwise associated with the implementation of the illegal policy and practices relating to strip searches complained of herein.

6. Defendant ALAMEDA COUNTY is, and at all material times referred to herein, was a division of the state of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs complained of herein, which wrongs damaged plaintiff, and all those similarly situated, as herein alleged. Plaintiff's allegations against the COUNTY are based on acts and omissions of the SHERIFF and his DEPUTIES and on acts and omissions of persons who are COUNTY employees, and on the COUNTY's breach of its duty to protect plaintiff, and all those he represents, from the wrongful conduct of said persons and employees.

7. Defendant ALAMEDA COUNTY SHERIFF GREGORY J. AHERN, in his Individual and Official Capacity, also maintained or permitted an official policy or custom of causing or permitting the occurrence of the types of wrongs complained of herein, which wrongs damaged plaintiff, and all those similarly situated, as herein alleged.

8. Class action plaintiffs are those similarly situated who, during the period beginning January 1, 2007, and continuing to this date, were subjected by defendants to pre-arraignment strip and/or visual body cavity searches without defendants having, and recording in writing, a reasonable suspicion that the searches would be productive of contraband or weapons, and/or who were strip searched prior to arraignment in an area that was observable by persons not participating in the search.

3

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Roth, et al. vs. County of Alameda, et al.*, USDC, No. Dist., Case No. _____

# FACTS

9. On or about February 3, 2007, plaintiff RONALD ROTH (hereinafter referred to as "plaintiff") was arrested for driving under the influence and transported to an ALAMEDA COUNTY Jail (Glenn Dyer Detention Facility) where, prior to arraignment and without reasonable suspicion that he was concealing contraband or weapons, he was strip searched, in a public setting where other detainees were also being strip searched, required to expose his genital and anal areas for inspection and to pull his foreskin back for inspection of that area for contraband.

10. When it was discovered that Mr. Roth had a warrant for an outstanding ticket for fishing without a license from San Mateo County, he was transported to San Mateo County Jail.

11. Within six (6) months of the aforesaid strip search, plaintiff filed a group Government Tort Claim for himself and for all persons similarly situated (a copy of said claim is attached hereto as Exhibit "A", and incorporated herein to the extent relevant by this reference). Plaintiff's group claim was rejected on or about July 17, 2007, allowing the filing of this class action complaint on state statute and constitutional violations.

12. Plaintiff is informed and believes, and therefore alleges, that defendants routinely follow their policy, practice, and custom of subjecting pre-arraignment detainees, including plaintiff, and all those he represents, to strip and visual body cavity searches without first having, and recording in writing, a reasonable suspicion that the search will be productive of contraband or weapons. Plaintiff is further informed and believes, and therefore alleges, that defendants routinely follow their policy, practice, and custom of conducting the complained of searches in the presence of persons not participating in the searches.

13. Plaintiff is informed and believes, and thereon alleges, that defendants have the ability to identify all such similarly situated plaintiffs, specifically those who, while in defendants' custody, at the ALAMEDA County Jail beginning January 1, 2007, and continuing, were subjected to strip searches and/or visual body cavity searches prior to arraignment without defendants first having, and recording in writing, a reasonable suspicion that the searches would be productive of contraband or weapons.

14. Defendant ALAMEDA COUNTY SHERIFF GREGORY J. AHERN is personally responsible for the promulgation and continuation of the strip search policy, practice, and custom pursuant to which plaintiff, and those he represents, were subjected to strip searches.

4

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Roth, et al. vs. County of Alameda, et al.*, USDC, No. Dist., Case No. _____

15. As a result of being subjected to the strip searches complained of herein, plaintiff, and each of the persons similarly situated, suffered physical, mental, and emotional distress, invasion of privacy, and violation of due process of law and state and federal statutory and constitutional rights, and is entitled to recover damages according to proof but, at a minimum, $1,000 as specified in California Penal Code § 4030(p) and $4,000 as specified in California Civil Code § 52 and § 52.1(b).

## CLASS CLAIMS

16. The strip and visual body cavity searches to which plaintiff, and all those similarly situated, were subjected were performed pursuant to policies, practices, and customs of defendants ALAMEDA COUNTY SHERIFF GREGORY J. AHERN, ALAMEDA COUNTY, the individual SHERIFF'S DEPUTIES sued herein by the fictitious names 1 through 50, and the individuals whose names are not now known and who are sued by the fictitious names of ROES 1 through 20. The searches complained of herein were performed without regard to the nature of the alleged offenses for which plaintiff, and all those similarly situated, had been arrested, without regard to whether or not plaintiff, or those he represents, was eligible for cite and release under Penal Code § 853.6, without regard to whether or not plaintiff, and each of those similarly situated, was eligible for and/or was released on his or her own recognizance. Furthermore, the searches complained of herein were performed without defendants having a reasonable belief that the plaintiff, or any of those similarly situated, so searched possessed weapons or contraband, and those facts being articulated and recorded in a supervisor-approved document. Finally, the searches complained of herein were performed without defendants taking reasonable precautions to insure that plaintiff, and each of those similarly situated, was searched in an area affording privacy and was not observed by others not participating in the search.

17. Plaintiff brings this action on his own behalf and on behalf of all persons similarly situated pursuant to Rule 23, Federal Rules of Civil Procedure.

18. The class is defined to include all persons who, in the period from and including January 1, 2007, and continuing until this matter is adjudicated and the practices complained of herein cease, were arrested and subjected to a pre-arraignment strip and/or visual body cavity search at the ALAMEDA County Jail without defendants first having, and recording in writing, a reasonable suspicion that the search would be productive of contraband or weapons. The class also includes all those persons who were subjected to pre-arraignment strip and/or visual body cavity searches in the

5

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Roth, et al. vs. County of Alameda, et al.*, USDC, No. Dist., Case No. _____

presence of persons who were not participating in said searches.

19. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of the class are so numerous that joinder of all members is impractical. Plaintiff does not know the exact number of class members. Plaintiff is informed and believes, and thereupon alleges, that there are more than 40 persons per day who are arrested by defendants and/or in the custody of defendants and are subjected to the searches complained of herein as a result of defendants' policy, practice, and custom relating to said searches.

20. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is informed and believes, and thereupon alleges, that there are many questions of fact common to the class including, but not limited to: (1) whether defendants routinely subject all persons arrested to visual body cavity searches prior to arraignment whether or not they intend such persons to be housed in the ALAMEDA County Jail; (2) whether defendants routinely subject all persons arrested to visual body cavity searches prior to arraignment if they intend such persons to be housed in the ALAMEDA County Jail; (3) whether persons are subjected to strip and/or visual body cavity searches prior to arraignment without there being any reasonable suspicion, based on specific or articulable facts, to believe any particular arrestee has concealed drugs, weapons, and/or contraband in bodily cavities which could be detected by means of a strip and/or visual body cavity search; (4) whether the strip and/or visual body cavity searches are conducted in an area of privacy so that the searches cannot be observed by persons not participating in the searches; (5) whether the strip and/or visual body cavity searches are conducted in groups; and, (5) whether the strip and/or visual body cavity searches are reasonably related to defendants' penological interest to maintain the security of the jail and whether or not there are less intrusive methods for protecting any such interest.

21. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is informed and believes, and thereupon alleges, that there are many questions of law common to the class including, but not limited to: (1) whether defendants may perform strip and/or visual body cavity searches on persons prior to their arraignment without reasonable suspicion, based on specific or articulable facts, to believe any particular prearraignment detainee has concealed drugs, weapons and/or contraband which would likely be discovered by a strip and/or visual body cavity search; (2) whether defendants may perform strip and/or visual body cavity searches on persons without first reasonably relating the use of the subject search to defendants' penological interest to maintain the

6

security of the jail and determining if there is a less intrusive method to protect that interest; (3) whether strip and/or visual body cavity searches may be conducted in areas where the search can be observed by people not participating in the search without violating plaintiffs' State and Federal constitutional rights and plaintiffs' State statutory rights; (4) whether or not defendants' strip search policy and procedure is in accordance with the State and/or Federal Constitution; (5) whether or not defendants' policy and procedure of conducting pre-arraignment strip searches in groups violates plaintiffs' State and/or Federal Constitutional rights to privacy; (6) whether or not plaintiffs' claims under Penal Code § 4030 are barred by the provisions of Government Code § 844.6; and, (7) whether or not defendants have an immunity defense to plaintiffs' claims under Civil Code §§ 52 and 52.1, and whether or not those claims are actionable in a class action.

22. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the representative plaintiff is typical of the class. Plaintiff was searched, prior to arraignment, without reasonable suspicion that a strip or visual body cavity search would produce drugs, weapons or contraband (and without the facts supporting any such suspicion being articulated in a supervisor-approved writing). Representative plaintiff has the same interests and suffered the same type of injuries as all of the class members. Plaintiff's claims arose because of defendants' policy, practice, and custom of subjecting arrestees to strip and/or visual body cavity searches before arraignment without having, and recording in writing, a reasonable suspicion that the search would be productive of contraband or weapons. Each class member suffered actual damages as a result of being subjected to a strip and/or visual body cavity search. The actual damages suffered by the representative plaintiff is similar in type and amount to the actual damages suffered by each class member.

23. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative plaintiff will fairly and adequately protect the class interests. Plaintiff's interests are consistent with and not antagonistic to the interests of the class.

24. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the complaint.

25. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL
*Roth, et al. vs. County of Alameda, et al.*, USDC, No. Dist., Case No. _____

with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

26. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiff is informed and believes, and thereupon alleges, that defendants have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

27. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties. Plaintiff is informed and believes, and thereupon alleges, that the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable individually to prosecute any action at all. Plaintiff also is informed and believes, and thereupon alleges, that the amounts at stake for individuals are so small that separate suits would be impracticable. Plaintiff is informed and believes, and thereupon alleges, that most members of the class will not be able to find counsel to represent them. Plaintiff is informed and believes, and thereupon alleges, that it is desirable to concentrate all litigation in one forum because all of the claims arise in the same location; i.e., the ALAMEDA County Jail. It will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

28. Plaintiff does not know the identities of all of the class members. Plaintiff is informed and believes, and thereupon alleges, that the identities of the class members may be ascertained from records maintained by the ALAMEDA COUNTY and defendant SHERIFF GREGORY J. AHERN and the defendants' Sheriff's Department. Plaintiff is informed and believes, and thereupon alleges, that defendants' records reflect the identities, including addresses and telephone numbers, of the persons who have been held in custody in the ALAMEDA County Jails. Plaintiff is informed and believes, and thereupon alleges, that records of, and maintained by defendants reflect who was subject to a strip and/or visual body cavity search, when the search occurred, where the search occurred, whether any reasonable suspicion for the search existed and was recorded in a supervisor-approved writing, whether the search was conducted in a group, when persons searched were arraigned, and the charges on which such persons were arrested. Plaintiff is informed and believes, and thereupon alleges, that all of the foregoing information is contained in defendants' computer system and that the information necessary to identify the class members, by last known addresses, and the dates and reasons for their arrests

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL
*Roth, et al. vs. County of Alameda, et al.*, USDC, No. Dist., Case No. _____

and/or release from custody, is readily available from said computer system.

29. In accordance with Federal Rules of Civil Procedure, Rule 23(c)(2)(b), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Plaintiff is informed and believes, and thereupon alleges, that defendants' computer records contain a last known address for class members. Plaintiff contemplates that individual notice will be given to class members at such last known address by first class mail. Plaintiff contemplates that the notice will inform class members of the following:

    i. The pendency of the class action and the issues common to the class;

    ii. The nature of the action;

    iii. Their right to "opt out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

    iv. Their right, if they do not "opt out," to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiff(s) and the named class plaintiff(s)' counsel; and

    v. Their right, if they do not "opt out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## COUNT ONE

(Violation of Fourth and Fourteenth Amendments to the U.S. Constitution on behalf of Plaintiff and all persons similarly situated)

30. Plaintiff re-alleges and hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

31. Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated the rights of plaintiff, and all those similarly situated, under the Fourth Amendment to be free from unreasonable searches and seizures; violated the rights of plaintiff, and all those similarly situated, to due process and privacy under the Fourteenth Amendment; and directly and proximately damaged plaintiff, and all those similarly situated, as herein alleged, entitling plaintiff, and all class members, to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

\\\

9

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL
*Roth, et al. vs. County of Alameda, et al.*, USDC, No. Dist., Case No. _____

WHEREFORE, plaintiff prays for relief, for himself and for all persons similarly situated, as hereunder appears.

## COUNT TWO

(California State Unruh Civil Rights Act, Civil Code §§ 52 and 52.1,
on behalf of Plaintiffs and all persons similarly situated)

32. Plaintiff re-alleges and hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

33. Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated the rights of plaintiff, and all those similarly situated, to privacy as secured by Article I, Section 1 of the California Constitution and directly and proximately damaged plaintiff, and each of those similarly situated, as herein alleged, entitling said plaintiff, and each of those she represents, to recover a minimum of $4,000 each pursuant to California Civil Code § 52.1 and § 52, in addition to other damages.

WHEREFORE, plaintiff prays for relief, for himself and for all persons similarly situated, as hereunder appears.

## COUNT THREE

(Violation of California Penal Code § 4030,
California State Unruh Civil Rights Act, Civil Code §§ 52 and 52.1,
on behalf of Plaintiffs and all persons similarly situated)

34. Plaintiff re-alleges and hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

35. Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated rights secured to plaintiff, and all those similarly situated, under California Penal Code § 4030 and directly and proximately damaged plaintiff, and each of those similarly situated, as herein alleged, entitling plaintiff, and each of those similarly situated, to recover a minimum of $1,000 each pursuant to California Penal Code § 4030(p), and to further minimum damages of $4,000 each pursuant to California Civil Code § 52.1 and § 52, in addition to other damages.

WHEREFORE, plaintiff prays for relief, for himself and for all persons similarly situated, as hereunder appears.

## COUNT FOUR

(Invasion of Privacy, on behalf Plaintiff and all persons similarly situated)

36. Plaintiff re-alleges and hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

37. By strip searching plaintiff, and all those similarly situated, in a non-private area that could be viewed by persons not participating in the strip search, defendants, and each of them, violated the rights of plaintiff, and each of those similarly situated, to privacy as secured by the California Sate Constitution, Article I, Section 1, and directly and proximately damaged plaintiff, and each of those he represents, by causing emotional distress, humiliation, and embarrassment.

WHEREFORE, plaintiff prays for relief, for himself and for all persons similarly situated, as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and all those similarly situated, seeks judgment as follows:

1. For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, defendants' policies, practices, and customs of subjecting pre-arraignment detainees to strip and visual body cavity searches without having a reasonable suspicion that such searches would be productive of contraband or weapons and conducting said searches in a non-private area observable by persons not participating in the search;

2. Certification as a class action of plaintiff's complaints concerning defendants' policy, practice, and customs of subjecting pre-arraignment detainees to strip and visual body cavity searches without having a reasonable suspicion that such searches would be productive of contraband or weapons;

3. For compensatory, general, and special damages for each representative and for each member of the class of plaintiffs, as against all defendants;

4. Exemplary damages as against each of the individual defendants in an amount sufficient to deter and to make an example of those defendants;

5. In addition to compensatory and statutory damages as allowed by law, at least $4,000 for each plaintiff pursuant to California Civil Code § 52.1 and § 52, for each violation thereof;

\\\

6.  In addition to compensatory and statutory damages as allowed by law and pursuant to California Penal Code § 4030, at least $1,000 for each plaintiff for each violation of California Penal Code § 4030 suffered thereby;

7.  Attorneys' fees and costs under 42 U.S.C. § 1988, California Civil Code § 52(b)(3), California Civil Code § 52.1(h), California Code of Civil Procedure § 1021.5 and California Penal Code; and § 4030(p); and

8.  The cost of this suit and such other relief as the court finds just and proper.

DATED: January 11, 2008                          Respectfully Submitted,

                                      LAW OFFICE OF MARK E. MERIN and
                                      CASPER, MEADOWS, SCHWARTZ & COOK

                                      By: _____
                                              Mark E. Merin
                                              Attorneys for Plaintiffs

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Roth, et al. vs. County of Alameda, et al.*, USDC, No. Dist., Case No. _____

## DEMAND FOR A JURY TRIAL

A JURY TRIAL IS DEMANDED on behalf of plaintiff, and all those he seeks to represent.

DATED: January 11, 2008       Respectfully submitted,

LAW OFFICE OF MARK E. MERIN

BY: _____
Mark E. Merin
Attorney for Plaintiffs

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL
*Roth, et al. vs. County of Alameda, et al.*, USDC, No. Dist., Case No. _____

**EXHIBIT A**

LAW OFFICE OF MARK E. MERIN
Mark E. Merin, SBN 043849
Cathleen A. Williams, SBN 068029
2001 P Street, Suite 100
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorney for Claimants

—oOo—

| | |
|---|---|
| RONALD ROTH, on behalf of himself and all those similarly situated;<br><br>Claimants,<br><br>v.<br><br>COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPARTMENT; ALAMEDA COUNTY SHERIFF CHARLES C. PLUMMER, in his individual and official capacities; ALAMEDA COUNTY SHERIFF'S DEPUTIES DOES 1 THROUGH 50; and ROES 1 THROUGH 20, INCLUSIVE,<br><br>Respondents. | **CLASS CLAIM SUBMITTED ON BEHALF OF RONALD ROTH AND ALL THOSE SIMILARLY SITUATED WHO WERE STRIP SEARCHED, ILLEGALLY, AT ALAMEDA COUNTY JAIL DURING THE RELEVANT PERIOD [GOVERNMENT CODE § 910]** |

Pursuant to the provisions of California Government Code Section 910, claimant, RONALD ROTH, on behalf of himself and all those similarly situated, hereby presents the following claim:

(1) <u>CLAIMANTS</u>:

    Ronald Roth, on behalf of himself and all those similarly situated
    c/o Mark E. Merin, Esq.
    Law Office of Mark E. Merin
    2001 P Street, Suite 100
    Sacramento, California 95814
    Telephone: 916/443-6911
    Facsimile: 916/447-8336

(2) <u>DATE OF INCIDENT</u>:

    On or about February 3, 2007

\\\

1  (3) LOCATION WHERE INCIDENT OCCURRED:

2  Alameda County Jail
   Santa Rita Jail
3  5325 Broder Blvd
   Dublin, CA 94568
4

5  (4) FACTS:

6  On or about February 3, 2007, claimant was arrested for driving under the influence, taken to Alameda
7  County Jail (Glenn Dyer Detention Facility) and prior to arraignment and without reasonable suspicion that
8  he was concealing contraband or weapons, strip searched, in a public setting where other detainees were also
9  being strip searched, required to expose his genital and anal areas for inspection and to pull his foreskin back
10 for inspection of that area for contraband.

11 When it was discovered that Mr. Roth had a warrant for an outstanding ticket for fishing without a license
12 from San Mateo County, he was transported to San Mateo County Jail.

13 Mr. Roth believes that he was strip searched pursuant to the practice of strip searching all persons
14 detained at the Glenn Dyer facility, prior to arraignment and without reasonable suspicion that they are
15 concealing contraband, and he makes this group government tort claim on behalf of himself and all others
16 similarly situated.

17 The pre-arraignment strip search of persons charged with misdemeanor offenses not involving violence,
18 drugs or weapons violates Penal Code Section 4030 and the State and Federal Constitutions. The pre-
19 arraignment strip search of persons charged with felonies not involving violence, drugs, or weapons violates
20 the state and federal constitutions.

21 Claimant is informed and believes and thereupon alleges that this group strip search was pursuant to a
22 policy, practice and custom of defendant County and County Sheriff.

23 The "group" strip search is a further violation of the above-mentioned statutes and constitutional
24 provisions. Claimant is informed and believes that this "group" strip search is commonly performed and
25 therefore all persons subjected to such procedure within six (6) months prior to the filing of this claim are
26 eligible to participate in this class claim under state law and that upon filing litigation, it will apply to all

persons subjected to illegal strip search at the Alameda County Jail within two years prior to the filing of that anticipated federal complaint.

(5) PERSONS/ENTITIES RESPONSIBLE:

The specific persons involved in the strip searches complained of herein are not now known; the Sheriff of Alameda County and the Commander of the Alameda County Glenn Dyer detention Facility are responsible for the deprivation of constitutional and statutory rights of which Mr. Roth complains.

(6) DAMAGES:

For claimant $100,000 for emotional distress and constitutional violations and denial of the right to privacy. Plaintiff believes and on that basis alleges that there are at least 100 persons per week who have similarly been strip searched in violation of their statutory and constitutional rights and that, accordingly, the total amount demanded by this claim is $50,000,000.

(7) JURISDICTION OF COURT:

The case, if not settled at the claim level, would be filed in superior court, as the amount in controversy exceeds $30,000, which court has jurisdiction of this matter or in United States District Court. Damages sought are within the jurisdiction of the Superior Court of Alameda County.

DATED: June 13, 2007              Respectfully submitted,

                                  LAW OFFICE OF MARK E. MERIN

                                  BY _____
                                      Mark E. Merin
                                      Attorneys for Claimants

## DECLARATION OF SERVICE

<u>Class Claim of Ronald Roth, et al. v. County of Alameda, et al.</u>

I, Kari L. Kalista, CCLS, declare:

I am a citizen of the United States, over 18 years of age, employed in the County of Sacramento, and not a party to the within action; my business address is 2001 P Street, Suite 100, Sacramento, California 95814.

On June 13, 2007, I served the within **CLASS CLAIM SUBMITTED ON BEHALF OF RONALD ROTH AND ALL THOSE SIMILARLY SITUATED WHO WERE STRIP SEARCHED, ILLEGALLY, AT ALAMEDA COUNTY JAIL DURING THE RELEVANT PERIOD [GOVERNMENT CODE § 910]** on all parties in said action in the following manner:

XXXXX   <u>BY MAIL</u>: I am familiar with this company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, during the normal course of business on the same day it is placed in the designated area. I placed a true copy of said document, enclosed in a sealed envelope with first class postage affixed in the designated area for outgoing mail, addressed as set forth below:

_____   <u>BY PERSONAL DELIVERY</u>: I caused to be personally delivered a true copy of said document to the person(s) at the address(es) set forth below:

_____   <u>BY FACSIMILE</u>: I faxed a true copy of said document to the addressee(s) at the number(s) set forth below; I verified that the transmission was reported by the fax machine as complete and without error; thereafter, I placed a true copy in a sealed envelope with first class postage affixed in the designated area for outgoing mail, addressed as set forth below:

CLERK, BOARD OF SUPERVISORS OFFICE
ADMINISTRATION BUILDING
1221 OAK ST RM 536
OAKLAND CA 94612

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on June 13, 2007, at Sacramento, California.

_____
Kari L. Kalista, CCLS