Mark E. Merin (State Bar No. 043849)
Joshua Kaizuka (State Bar No. 212195)
**LAW OFFICE OF MARK E. MERIN**
2001 P Street, Suite 100
Sacramento, California 95811
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
Email:       mark@markmerin.com

Attorneys for Plaintiff

Gregory J. Rockwell (State Bar No. 067305)
**BOORNAZIAN, JENSEN & GARTHE**
**A Professional Corporation**
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone:   (510) 834-4350
Facsimile:   (510) 839-1897
Email:       grockwell@bjg.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ROSS, on behalf of himself and all those similarly situated;<br><br>                      Plaintiffs,<br>v.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF GREGORY J. AHERN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, ALAMEDA COUNTY SHERIFF'S DEPUTIES DOES 1 THROUGH 50, AND ROES 1 THROUGH 20, INCLUSIVE,<br><br>                      Defendants. | Case No. CV 08-0236 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**DATE:**   May 30, 2008<br>**TIME:**   10:30 a.m.<br>**CTRM:**   7<br>**JUDGE:**   Hon. Maxine M. Chesney |

**1.     Does the Court have subject matter jurisdiction over all of the plaintiffs' claim(s) and defendants' counter-claim(s)? What is the basis of that jurisdiction? Are all the parties subject to the Court's jurisdiction? Do any parties remain to be served?**

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4). Plaintiff contends that the Court has supplemental jurisdiction over plaintiff's state claims under 28 U.S.C. § 1367(a). Venue is proper in the Northern District as the acts complained of

1

**JOINT CASE MANAGEMENT STATEMENT**
*Ross, et al. vs. County of Alameda, et al.,* USDC, No. Dist., Case No. CV 08-0236 MMC

occurred in Alameda County and defendants are within the district.

All named defendants have been served.  Plaintiff anticipates being able to identify and serve any unnamed Doe defendants within 120 days after the exchange of Initial Disclosures.

**2.    What are the factual and legal bases for plaintiff's claims and defendants' defenses?**

Plaintiff RONALD ROSS claims that on or about February 3, 2007, he was arrested allegedly on a traffic warrant and transported to defendants' Jail where, prior to arraignment, he was taken to an area where he was forced to submit to a strip search in a group with several other people who were not participating in the search.  Plaintiff claims, on behalf of himself and all others similarly situated, that the complained of strip search was conducted pursuant to and in a manner authorized by policies, procedures, and/or customs of defendants and that said search was in violation of plaintiff's rights under the Fourth and Fourteenth Amendment to United States Constitution and California Penal Code § 4030 which prohibits pre-arraignment strip searches of most misdemeanants, requires such searches be conducted in an area of privacy, and be pre-approved in writing by a supervisors; and the Bane Civil Rights Act (California Civil Code § 52 and § 52.1(b)), which provides for civil penalties in cases where persons are coerced to give up their constitutional or statutory rights.  Plaintiff contends that this case is appropriate for certification as a class action.

Defendants deny each and every of plaintiff's claims and contend that the matter is not appropriate for class certification.  Additionally, even assuming the plaintiff's claims are true, defendants assert they are shielded from liability by the doctrines of qualified immunity and various immunities set forth in the California Government, Penal and Civil Codes.

**3.    What are the factual and legal issues generally in dispute?**

A.    Whether or not plaintiff was subjected to a strip search;

B.    Whether or not there was reasonable suspicion to strip search plaintiff;

C.    Whether or not defendants had reasonable suspicion to strip search plaintiff;

D.    Whether or not plaintiff was searched in a group setting;

E.    Whether or not at the time of the complained of alleged search, defendants had written strip search policies that complied with the governing federal and state legal authorities;

F.    Whether or not plaintiff was strip searched pursuant to a policy;

2

**JOINT CASE MANAGEMENT STATEMENT**
*Ross, et al. vs. County of Alameda, et al.,* USDC, No. Dist., Case No. CV 08-0236 MMC

    G.    Whether or not the alleged search of plaintiff was typical of other searches conducted of persons being booked at defendants' jail facility;

    H.    Whether the potential class of plaintiffs is sufficiently large to justify class certification;

    I.    Whether defendants' policies and procedures for searching inmates and the search of plaintiff were consistent with the holding of *Bell v. Wolfish* 441 U.S. 520 (1979);

    J.    Whether plaintiff suffered any compensable injury as a result of the search of his person at defendants' facility.

    K.    Whether any defendants are protected by qualified immunity and/or any state law immunities.

**4.  What are the issues that can be narrowed by agreement or by motions?  Are there dispositive or partially dispositive issues appropriate for decision on motion?**

Whether or not defendants' strip search policies, practices, and customs, if any, were constitutional may be appropriate for resolution by motion.  Similarly, whether or not individual defendants are entitled to qualified immunity may also be amenable to resolutions by motion.

Plaintiff's state law causes of action may also be capable of resolution by motion.

**5.  What are the motions anticipated by the parties?**

    a)    <u>Plaintiff</u>:

Plaintiff anticipates filing a motion for summary adjudication as to the unconstitutionality of defendants' strip search policies, practices, and customs as well as to the lack of merit of defendants' affirmative defenses.  Plaintiff anticipates filing a motion to amend the complaint to include additional named class representative as such individuals are identified.  Plaintiff also anticipates filing a motion for class certification.

    b)    <u>Defendants</u>:

Defendants anticipate filing motions for summary judgment/adjudication regarding all of plaintiff's claims.

**6.  What relief does plaintiff seek?  What is the amount of damages sought by plaintiff's claim(s)?  How are the damages computed?**

Plaintiff seeks an order declaring illegal defendants' policy of subjecting detainees in their

3

custody to strip and visual body cavity searches before they are arraigned and without having any reasonable suspicion that the searches will be productive of contraband. Plaintiff further seeks an order declaring illegal defendants' policy of conducting the complained of searches in areas which can be and are observed by persons not participating in the searches.

Plaintiff seeks monetary damages for the violation of those rights of plaintiff, and all those he seeks to represent, that are secured by the Fourth and Fourteenth Amendments to the United States Constitution. Additionally, seeks on his own behalf, and on behalf of all those similarly situated, statutory damages under California Penal Code § 4030 (minimum of $1,000 per violation) and under California Civil Code § 52 and § 52.1(b) (minimum of $4,000 per violation). Because the size of the class of persons covered by this lawsuit is not yet known, plaintiff is not prepared to provide a precise calculation of the potential damages in this cases; however, recoveries in individual similar cases have exceeded $100,000, exclusive of punitive damages and recoveries in class actions in federal courts have been in the tens of millions of dollars.

Plaintiff also requests an award of attorneys' fees and costs.

**7.     What discovery does each party intend to pursue? Can discovery be limited in any manner? Are there any alternative methods available to obtain the necessary information? Should a discovery order and conference be entered pursuant to Fed.R.Civ.P. 26(f)?**

Plaintiff intends to obtain the following discovery:

1. Documents used at the defendants' Jail in the last five (5) years that cover the following areas: Booking/Intake procedures; pat, strip, visual, and body cavity search procedures and protocols, and clothing logs.

2. The numbers and identities of persons booked at the Alameda County Jail between September 1, 2006, and the present, and a breakdown of those numbers showing, by month, the number of persons booked on crimes involving drugs, weapons, and violence.

3. The names and arrest charges of the persons booked at the Alameda County Jail between September 1, 2006, and the present on charges not involving drugs, weapons, or violence.

4. Depositions of the jail personnel involved in the booking, processing, and strip

4

    searching of plaintiff.

  5. Depositions of the policy makers for the Alameda County Jail facilities.

  6. Deposition of the person most knowledgeable of the Alameda County Jail facilities' computer system.

  7. Depositions of line officers/jail personnel who conducted strip searches of pre-arraignment detainees during the class period.

  8. Site inspection.

  9. Production and review of videotapes, if any, made at the jail.

Defendant intends to obtain the following discovery:

  1. All documentation pertaining to the arrest warrant which led to plaintiff's incarceration on or about February 3, 2007.

  2. All documentation of plaintiff's arrests and incarcerations prior and subsequent to February 3, 2007.

  3. All records pertaining to plaintiff's education, work history and treatment for mental or emotional problems or substance abuse.

  4. Depositions of plaintiff and his spouse.

  5. Depositions of any subsequently named plaintiffs.

At this point the parties believe it is too early to determine if discovery can be limited in any manner. A discovery order and conference pursuant to Fed.R.Civ.P. 26(f) is not necessary.

**8.  Is this case suitable for reference to a binding arbitration, to a Special Master, or to a Magistrate Judge for trial. Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?**

The parties do not believe this case is appropriate for binding arbitration.

Plaintiff consented to Magistrate Judge Bernard Zimmerman for trial.

This case is not suitable for reference to the Judicial Panel on Multidistrict Litigation.

**9.  Will this case be tried by a jury? What is the anticipated length of trial? Is it possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

Both parties have requested that this case be tried by a jury. The length and evidence of the trial is dependent upon whether or not plaintiff's anticipated motion for class certification is granted.

5

**JOINT CASE MANAGEMENT STATEMENT**
*Ross, et al. vs. County of Alameda, et al.,* USDC, No. Dist., Case No. CV 08-0236 MMC

Therefore, the parties request that these matters be re-visited following a ruling on plaintiff's anticipated motion for class certification.

**10.   Are there related cases pending before other Judges of this Court?**

No.

**11.   If a class action, how and when will the class(es) be certified?**

Plaintiff anticipates bringing a motion for class certification within nine (9) months of the Court's Scheduling Order.

**12.   What are the earliest reasonable dates for discovery cutoff, pretrial conference, and trial?**

Discovery Cutoff (90 days before pretrial conf.):     August 17, 2009

Final Pretrial Conf.:                                 November 17, 2009

Trial:                                                December 7, 2009

**13.   What are the prospects for settlement?  Does any party wish to have a settlement conference with another Judge or Magistrate Judge?  How can settlement efforts be assisted?**

A settlement conference or other alternative dispute resolution methods may be desirable but that question should be deferred until after the parties have had an opportunity to exchange initial disclosures and conduct a first round of discovery.

**14.   Such other matters as any party considers conducive to the just, speedy, and inexpensive determination of this action.**

The parties have no other suggestions to offer at this time.

DATED: May 23, 2008              Respectfully submitted,

                                 LAW OFFICE OF MARK E. MERIN

                                         /s/ - "Mark E. Merin"
                                 BY: _____
                                         Mark E. Merin
                                         Attorney for Plaintiffs

DATED: May 23, 2008              Respectfully submitted,

                                 BOORNAZIAN, JENSEN & GARTHE

                                         /s/ - "Gregory J. Rockwell"
                                 BY: _____
                                         Gregory J. Rockwell, Esq.
                                         Attorney for Defendant

6

**JOINT CASE MANAGEMENT STATEMENT**
*Ross, et al. vs. County of Alameda, et al.,* USDC, No. Dist., Case No. CV 08-0236 MMC